UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY VANEYCK,
Personal Representative of the
Estate of William Vaneyck,

        Plaintiff,

v.

OTTAWA COUNTY, *et al.*,

        Defendants.
_____/

Case No. 1:23-cv-222

Hon. JANE M. BECKERING

**REPORT AND RECOMMENDATION**

Plaintiff Gregory Vaneyck, personal representative of the Estate of William Vaneyck, filed this lawsuit which involves the death of William Vaneyck ("Mr. Vaneyck") at the Ottawa County Jail.[1] Mr. Vaneyck committed suicide while housed as a pretrial detainee at the Jail on March 12, 2018. Plaintiff filed this lawsuit on March 2, 2023, suing Ottawa County, Steven Baar, Peter Kirsten, Aaron Overway, Tim Piers, Ottawa County Community Mental Health, and Mary Derksen (collectively the "Ottawa County defendants"), and, Wellpath LLC f/k/a Correct Care Solutions, LLC ("Wellpath") and Joseph Natole, M.D. (collectively the "Wellpath defendants").

Plaintiff filed an amended complaint with three counts (ECF No. 7, PageID.91-106). In Count I, plaintiff sues all defendants pursuant to 42 U.S.C. § 1983 for deliberate

---

[1] The Court will refer to plaintiff Gregory Vaneyck as "plaintiff" and the deceased individual, William Vaneyck, as "Mr. Vaneyck" or the "decedent." The Court notes that the family surname is spelled various documents as "Vaneyck" as well as "Van Eyck".

indifference to a known serious medical need, unreasonable/excessive force and supervisory liability related to Mr. Vaneyck's death. Amend. Compl. at PageID.91-96. In Count II, plaintiff sues Ottawa County, Ottawa County Community Mental Health, and Wellpath pursuant to § 1983 for failure to train. *Id*. at PageID.96-104. Plaintiff also seeks attorney's fees pursuant to 42 U.S.C. § 1988 with respect to Counts I and II. *Id*. at PageID.91-104. In Count III, plaintiff seeks relief pursuant Michigan's Wrongful Death statute, M.C.L. § 600.2922. *Id*. at PageID.105-106.

Defendants contend that the lawsuit is barred by the statute of limitations. This matter is now before the Court on motions for summary judgment based on the statute of limitations filed by the Wellpath defendants (ECF No. 40)[2] and the Ottawa County defendants (ECF No. 42).

### I.   Defendants' motions for summary judgment

### A.   Legal standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

---

[2] The Court notes that the Wellpath defendants' motion entitled "Motion to dismiss plaintiff's complaint as time barred" seeks summary judgment pursuant to Fed. R. Civ. P. 56(a). *See* Wellpath defendants' Brief (ECF No. 40, PageID.280).

2

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

**B.     The statute of limitations**

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Defendants contend that plaintiff's lawsuit should be dismissed because it is barred by the statute of limitations. "Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run." *Campbell v. Grand*

*Trunk Western Railroad Co.*, 238 F.3d 772, 775 (6th Cir. 2001).  "If the defendant meets this requirement, then the burden shifts to the plaintiff to establish an exception to the statute of limitations." *Id*.

Section 1983 does not provide a statute of limitations.  Federal courts apply the general or residual statute of limitations for personal injury actions of the state in which the case arises.  *See Owens v. Okure*, 488 U.S. 235, 241, 250 (1989) ("where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions.").  The statute of limitations for a § 1983 claim in Michigan is three years, based upon Michigan's three-year statute of limitations for injury to a person or property.  *See Chippewa Trading Company v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004).[3]  A statute of limitations for a claim under 42 U.S.C. § 1983 begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).  Here, plaintiff knew or had reason to know of Mr. Vaneyck's injuries when he died on March 12, 2018.

Defendants have met their initial burden on their affirmative defense: plaintiff's § 1983 claim began to run on March 12, 2018; the three-year statute of limitations expired on March 12, 2021; and plaintiff did not file this lawsuit until March 2, 2023, nearly two years after the statute of limitations expired.  The issue before the Court is whether plaintiff has established an exception to the statute of limitations which will allow this lawsuit to proceed.

---

[3] At the time of Mr. Vaneyck's injury on March 12, 2018, the operative statute, M.C.L. § 600.5805(10) provided that, "Except as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person, or for injury to a person or property."  After an amendment effective June 12, 2018, this provision appears now at M.C.L. § 600.5805(2).

Here, plaintiff contends that an exception exists in the form of M.C.L. § 600.5852, a state statute which applies to personal representatives of decedent's estates, alleging that:

> 12. Plaintiff Gregory Vaneyck was appointed personal representative of the Estate of William Vaneyck, deceased on July 20, 2022, and brings suit within two years of Letters of Authority pursuant to MCL 600.5852.

Amend. Compl. at PageID.70.

M.C.L. § 600.5852 provides as follows:

> (1) If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, <u>an action that survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run</u>.
>
> (2) If the action that survives by law is an action alleging medical malpractice, the 2-year period under subsection (1) runs from the date letters of authority are issued to the first personal representative of an estate. Except as provided in subsection (3), the issuance of subsequent letters of authority does not enlarge the time within which the action may be commenced.
>
> (3) If a personal representative dies or is adjudged by a court to be legally incapacitated within 2 years after his or her letters are issued, the successor personal representative may commence an action alleging medical malpractice that survives by law within 1 year after the personal representative died or was adjudged by a court to be legally incapacitated.
>
> (4) <u>Notwithstanding subsections (1) to (3), an action shall not be commenced under this section later than 3 years after the period of limitations has run</u>.

*See Waltz v. Wyse*, 469 Mich. 642, 650 (2004) (explaining that "the wrongful death provision, § 5852, is a saving statute, not a statute of limitations") (internal quotation marks omitted).

As an initial matter, the Court must determine whether plaintiff, the successor personal representative of William Vaneyck's estate, is a "personal representative" who benefits from the additional time provided by M.C.L. § 600.5852(1). State court documents reflect that

5

plaintiff is the third individual involved in the management of Mr. Vaneyck's assets after his death on March 12, 2018, and the second personal representative issued letters of authority.

### Ellen M. Van Eyck

On July 2, 2018, the decedent's mother, Ellen M. Van Eyck, filed a Petition for Assignment in the Ottawa County Probate Court, File No. 18-64716 PE, for the "Estate of William Orlando Van Eyck, decedent." *See* Petition and Order of Assignment (ECF No. 47-2). This petition appears to have been filed pursuant to M.C.L. § 700.3982 ("Payment of expenses for funeral and burial; order that balance of estate or property be turned over to spouse or heirs").[4] "MCL 700.3982 allows for summary administrative proceedings for small estates valued at $15,000 or less, adjusted for cost of living." *In re Estate of Nierzwick*, No. 349604, 2020 WL 6231828 at *3, fn. 2 (Mich. App. Oct. 22, 2020).

Here, Ms. Van Eyck's petition lists $13,932.58 in the decedent's inventory, with funeral and burial expenses in the amount of $13,061.27. *See* Petition at PageID.495-497. The

---

[4] At that time, § 700.3982 provided in pertinent part that:

(1) Upon a showing of evidence, satisfactory to the court, of payment of the expenses for the decedent's funeral and burial and if the balance of a decedent's gross estate consists of property of the value of $15,000.00 or less, the court may order that the property be turned over to the surviving spouse or, if there is not a spouse, to the decedent's heirs.

(2) Upon a showing of evidence, satisfactory to the court, that the decedent's funeral or burial expenses are unpaid or were paid by a person other than the estate, and if the balance of the gross estate after payment of the expenses would consist of property of the value of $15,000.00 or less, the court shall order that the property be first used to pay the unpaid funeral and burial expenses, or to reimburse the person that paid those expenses, and may order that the balance be turned over to the surviving spouse or, if there is not a spouse, to the decedent's heirs.

(3) Other than a surviving spouse who qualifies for allowances under this act or the decedent's minor children, an heir who receives property through an order under this section is responsible, for 63 days after the date of the order, for any unsatisfied debt of the decedent up to the value of the property received through the order. The court shall state in the order the condition on the distribution of property provided by this subsection. . .

M.C.L. § 700.3982(1)-(3) (eff. April 1, 2000).

petition asked that $13,061.67 be assigned to the decedent's father for the funeral and burial expenses, and that the balance be assigned to the decedent's four heirs (Robert W. Van Eyck (father), Ellen M. Van Eyck, Michael L. Van Eyck (brother), and Gregory R. Van Eyck (brother)). *Id*. On July 2, 2018, the probate court entered an order assigning the assets as follows: $13,061.27 to Robert Van Eyck for funeral and burial expenses; and "to the following heirs in the stated proportions, equally to Robert W. Van Eyck and Ellen M. Van Eyck." Order (ECF No. 47-2, PageID.496).

### Michael Van Eyck

On April 5, 2019, the decedent's brother, Michael Van Eyck, filed an "Application for informal probate and/or appointment of personal representative (testate/intestate)" in the Ottawa County Probate Court, case no. 19065504DE (ECF No. 43-4, PageID.455-458). On April 12, 2019, the Court issued Letters of Authority for Michael Van Eyck as personal representative of the Estate of WILLIAM VAN EYCK, deceased in that case (ECF No. 43-4, PageID.459). Michael served in that capacity until July 20, 2022, when the Court appointed a successor representative.

### Plaintiff Gregory Van Eyck

On July 20, 2022, the Ottawa County Probate Court entered an "Order regarding appointment of personal representative" in the Estate of WILLIAM VAN EYCK, Deceased, case no. 19-065504-DE (ECF No. 40-3, PageID.404). Hearing was waived. The Court made the following findings (via checkmarks on a pre-printed form):

2.   Notice of hearing was given to or waived by all interested persons.

3.   [not checked]

> [✓] 4. A petition for removal of the personal representative was filed by an interested person. One or more circumstances for removal, as set forth in MCL 700.3611, [✓] have been proven.
>
> 5.    [not checked]
>
> [✓]6.    The personal representative (check all that apply)
> [ ] has died and a successor must be appointed.
> [ ] had a conservator appointed for the personal representative's estate and a petition for appointment of a successor or special personal representative has been filed and a successor must be appointed.
> [✓] filed a resignation or desire to resign and should be permitted to resign and a successor appointed.
> [ ] should be removed and a successor appointed.

*Id*. Based on these findings, the Court ordered that "Michael Van Eyck is removed/permitted to resign" and that "Gregory Van Eyck . . . is appointed [✓] successor personal representative". *Id*. On July 20, 2022, the Court issued Letters of authority for personal representative to Gregory Van Eyck. *See* Letters of authority (ECF No. 40-3, PageID.407).

As discussed, Mr. Vaneyck died on March 12, 2018. In the absence of an exception, the statute of limitations for these claims expired on March 12, 2021. To determine whether the savings clause in M.C.L. § 600.5852 applied to plaintiff Gregory Van Eyck, as the successor personal representative, the Court will review the timeline for the state court probate proceedings, which is as follows: July 2, 2018 (Ms. Van Eyck filed a petition for summary administration of Mr. Vaneyck's assets as a small estate); July 2, 2018 (the probate court distributed the decedents assets pursuant to the petition); April 5, 2019 (Michael Van Eyck filed an application for informal probate of the decedent's estate); April 12, 2019 (the probate court issued letters of authority to Michael); July 20, 2022 (Michael resigned as personal representative); July 20, 2022 (the probate

8

court issued letters of authority to plaintiff Gregory Van Eyck as successor personal representative); and, March 2, 2023 (plaintiff filed this lawsuit).

Based on this timeline, the present lawsuit was filed within the parameters of the Michigan's savings statute because plaintiff filed the lawsuit: within two years after the probate court issued him letters of authority, *see* M.C.L. § 600.5852(1); and, within three years after the statute of limitations expired (*i.e.*, by March 12, 2024), *see* M.C.L. § 600.5852(4). In reaching this determination, the Court notes that the applicable section of the savings statute, M.C.L. § 600.5852(1), does not differentiate between a "personal representative" and a "successor personal representative." Contrary to defendants' arguments, the medical malpractice provisions of M.C.L. § 600.5852(2) and (3) do not apply to this federal civil rights action brought pursuant to Fed. R. Civ. P. 42 U.S.C. § 1983. Finally, M.C.L. § 600.5852(4) sets a deadline for any personal representative to file a lawsuit, stating that "Notwithstanding subsections (1) to (3), an action shall not be commenced under this section later than 3 years after the period of limitations has run." For these reasons, the Court concludes that this § 1983 lawsuit is not barred by the statute of limitations.

### C.   Judicial estoppel

The Ottawa County defendants contend that plaintiff abused the judicial process in the probate court to extend the statute of limitations. Specifically, defendants contend that plaintiff, the second personal representative, should be judicially estopped from using M.C.L. §600.5852(1), where the motivation of the original personal representative to resign and for another representative to be appointed was to avoid the two-year limitation in M.C.L. § 600.5852(1). *See* Ottawa County defendants' Brief (ECF No. 43, PageID.424-430). In a similar

9

vein, the Wellpath defendants contend that "[t]his gamesmanship by Plaintiff's counsel is the exact conduct contemplated and disfavored by Michigan Courts when applying MCL §600.5852." Defendant Wellpath's Brief (ECF No. 40, PageID.283).

The doctrine of judicial estoppel is designed to protect the integrity of the judicial process "by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Carroll v. United Compucred Collections, Inc.,* 399 F.3d 620, 623 (6th Cir. 2005) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001). As the Supreme Court explained:

> "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Davis v. Wakelee*, 156 U.S. 680, 689, 15 S.Ct. 555, 39 L.Ed. 578 (1895). This rule, known as judicial estoppel, "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Pegram v. Herdrich*, 530 U.S. 211, 227, n. 8, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000)[.]

*New Hampshire*, 532 U.S. at 749.

"Because the rule is intended to prevent improper use of judicial machinery, judicial estoppel is an equitable doctrine invoked by a court at its discretion." *Id*. at 750 (internal quotation marks and citations omitted).

> Courts are warned, however, to cautiously invoke judicial estoppel because its application completely precludes an examination of the merits of the arguments to which the doctrine is applied. *See Teledyne Industries, Inc. v. National Labor Relations Board*, 911 F.2d 1214, 1218 (6th Cir. 1990). Accordingly, judicial estoppel should be applied only where a party's position is "clearly inconsistent with its earlier position." *Carroll*, 399 F.3d at 624 (quoting *New Hampshire*, 532 U.S. at 750).

10

*New Era Enterprises, Inc. v. Kacos*, No. 1:03-cv-873, 2006 WL 76318 at *2 (W.D. Mich. March 24, 2006).

Here, the Ottawa County defendants present deposition testimony of plaintiff Gregory Van Eyck and Ms. Van Eyck which they contend supports a claim that the deadline for filing this lawsuit expired while Michael Van Eyck was the personal representative of the estate and that a conspiracy ensued to extend the statute of limitations:

> [T]he William VanEyck Estate could have filed this action until April 5, 2021, even though that would have been approximately a month after the underlying three-year statutes of limitations had run on March 12, 2021.
>
> Those deadlines expired and then the lawyer hired to file this action, Ken Finegood, and Michael conspired to obviate their failure to meet the deadlines by having a second personal representative appointed to avoid the two-year effect of MCL §600.5852(1), which is what Gregory admits was the sole motivation for his replacement of his brother Michael as the personal representative of the Estate.

Ottawa County defendants' Brief at PageID.425 (emphasis omitted).[5]

It is unnecessary to address this testimony because the doctrine of judicial estoppel does not apply to this situation. As discussed, the probate court appointed plaintiff Gregory Van Eyck as the successor personal representative of the estate and he filed this lawsuit within the time allowed by M.C.L. § 600.5852(1) and (4). Plaintiff has taken the consistent position that the complaint was timely and filed within the exception allowed by M.C.L. § 600.5852. *See* Amend.

---

[5] The Court notes that while the Ottawa County defendants refer to Ms. Van Eyck's testimony "that she was the original representative of the Estate", *see* Ottawa County defendants' Brief (ECF No. 43, PageID.419), there is no evidence that a court appointed Ms. Van Eyck as a personal representative or issued her letters of authority. The Ottawa County defendants also state that "the Estate was opened by Ms. VanEyck in 2018 and Michael was appointed personal representative on April 5, 2019," *see id*. at PagID.425. These were two separate court proceedings. As discussed, Ms. Van Eyck filed a petition to pay the decedent's funeral bill and assign his remaining assets under the state statute applicable to a small estate.

Compl. at ¶ 12, PageID.70.  Defendants have not demonstrated any inconsistency with plaintiff's position in this lawsuit which would trigger the Court's discretion to exercise judicial estoppel. Accordingly, the motions for summary judgment filed by Wellpath defendants and the Ottawa County defendants should be denied.

## II.     Recommendation

Accordingly, I respectfully recommend that defendants' motions for summary judgment (ECF Nos. 40 and 42) be **DENIED**.

Dated:  July 30, 2024                                            /s/ Ray Kent
                                                                 RAY KENT
                                                                 United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).