UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY VANEYCK,
Personal Representative of the
Estate of William Vaneyck,

      Plaintiff,

v.

OTTAWA COUNTY, et al.,

      Defendants.

_____/

Case No. 1:23-cv-222

HON. JANE M. BECKERING

## OPINION AND ORDER

This is a civil rights action filed pursuant to 42 U.S.C. § 1983, arising out of the death of William Vaneyck ("Decedent") at the Ottawa County Jail. Plaintiff Gregory Vaneyck, the Personal Representative of Decedent's estate, filed this lawsuit on March 2, 2023, suing Ottawa County, Steven Baar, Peter Kirsten, Aaron Overway, Tim Piers, Ottawa County Community Mental Health, and Mary Derksen (collectively the "Ottawa County Defendants"), and Wellpath, LLC f/k/a Correct Care Solutions, LLC ("Wellpath") and Joseph Natole, M.D. (collectively the "Wellpath Defendants"). Defendants filed motions for summary judgment, arguing that Plaintiff's lawsuit is barred by the statute of limitations.[1] The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that the motions for summary judgment be denied. The matter is presently before the Court on Defendants' three objections to

---

[1] Though Ottawa County Defendants' motion is titled a motion to dismiss, the motion cites Federal Rule of Civil Procedure 56 as the basis for the relief sought (*see* ECF No. 40 at PageID.280).

the R&R (*see* Ottawa Defs.' objs., ECF No. 52 at PageID.592 & 594, Wellpath Defs.' Objs., ECF No. 53 at PageID.631).  Plaintiff filed responses, (ECF Nos. 56 & 57), and Defendants, albeit without leave having been granted by the Court, filed replies, (ECF Nos. 58 & 59).  Defendants' arguments fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.  In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

Defendants contend that the Magistrate Judge erred in finding that the statute of limitations does not bar plaintiff's lawsuit.  The outcome of Defendants' summary judgment motions turns on MICH. COMP. LAWS § 600.5852(1), an exception to the three-year statute of limitations that would otherwise bar Plaintiff's claim.  Defendants contend that Magistrate Judge erred: (1) because the "plain language" of the statute forecloses its applicability here (ECF No. 52 at PageID.592), (2) because a different provision of § 600.5852 should apply (ECF No. 53 at PageID.631), and (3) because the doctrine of judicial estoppel should apply (ECF No. 52 at PageID.594).  Defendants' arguments fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.  The Court takes each of these objections in turn.

1. *The Magistrate Judge Correctly Interpreted § 600.5852(1)*

Michigan law, in certain circumstances, provides a time-bound exception to the statute of limitations for claims that survive a person's death. MICH. COMP. LAWS § 600.5852.

Section 600.5852 states:

(1) If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action that survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run.

2

(2) If the action that survives by law is an action alleging medical malpractice, the 2-year period under subsection (1) runs from the date letters of authority are issued to the first personal representative of an estate. Except as provided in subsection (3), the issuance of subsequent letters of authority does not enlarge the time within which the action may be commenced.

(3) If a personal representative dies or is adjudged by a court to be legally incapacitated within 2 years after his or her letters are issued, the successor personal representative may commence an action alleging medical malpractice that survives by law within 1 year after the personal representative died or was adjudged by a court to be legally incapacitated.

(4) Notwithstanding subsections (1) to (3), an action shall not be commenced under this section later than 3 years after the period of limitations has run.

MICH. COMP. LAWS § 600.5852. The question is whether Plaintiff can benefit from the two-year statutory period set forth in the first paragraph, § 600.5852(1). In this case, Plaintiff is a *successor* personal representative. Plaintiff's brother had served as personal representative of Decendent's estate for nearly three years before Plaintiff replaced him and filed this lawsuit. Consistent with Michigan precedent, the Court concludes that Plaintiff can benefit from the two-year period to file suit that is contained in § 600.5852(1).

"Whether a successor personal representative is entitled to [their] own two-year period to file suit if the original personal representative has served a full two-year period" remains undecided by the Michigan Supreme Court. *Washington v. Sinai Hosp. of Greater Detroit*, 733 N.W.2d 755, 759 (Mich. 2007). However, the Michigan Court of Appeals has held that the issuance of successive letters of authority begins the two-year period anew. *Carmichael v. Henry Ford Hosp.*, 742 N.W.2d 387, 393 (Mich. Ct. App. 2007). In so holding, the Michigan Court of Appeals relied on the Michigan Supreme Court's interpretation of § 600.5852 in *Eggleston v. Bio-Medical Applications of Detroit, Inc.*, 658 N.W.2d 139 (Mich. 2003).

In *Eggleston*, a successor personal representative took over after the initial personal representative, who had served in that role for four months, died.  658 N.W.2d at 141.  The successor personal representative sued within two years of *his* receipt of letters of appointment, but more than two years after the initial personal representative had received them.  *Id*.  As the *Carmichael* court recognized, in deciding *Eggleston* the Michigan Supreme Court "focused exclusively on the statutory language and held that the issuance of letters of authority to the successor personal representative marked the beginning of a new wrongful death saving period." 742 N.W.2d at 392.  Specifically, the Michigan Supreme Court instructed that, "[i]f the language of a statute is clear, no further analysis is necessary or allowed."  *Eggleston*, 658 N.W.2d at 141 (citation omitted).  Interpreting § 600.5852, the Michigan Supreme Court concluded that "[t]he statute does not provide that the two-year period is measured from the date letters of authority are issued to the *initial* personal representative."  *Id.* at 142 (emphasis added).

Applying *Eggleston*, a court in the Eastern District of Michigan concluded that interpretation of § 600.5852 begins and ends with the plain text of the statute—further analysis is "neither necessary nor allowed."  *Burke v. Huron Valley Center*, No. 05-cv-71873, 2017 WL 2710417 at *5 (E.D. Mich. Sept. 14, 2007).  In *Burke*, an initial personal representative served for four years.  *Id.*  During that term, the initial personal representative filed a lawsuit more than two years after receiving letters of appointment.  *Id*.  The lawsuit was dismissed as untimely.  *Burke*, 2017 WL 2710417 at *5.  Subsequently, a new personal representative was appointed and filed a lawsuit one month later.  *Id.*  The court held that the lawsuit was "timely filed" under § 600.5852. *Id.*  This Court, like the *Burke* court, finds that the plain text of the statute and the Michigan Supreme Court's guidance in *Eggleston* strongly favor Plaintiff's position.

The Michigan legislature's 2012 amendments to § 600.5852 further convince the Court that Plaintiff may benefit from the two-year statutory period. These amendments added, in part, § 600.5852(2). This provision only applies to actions "alleging medical malpractice." MICH. COMP. LAWS § 600.5852(2). In those cases, the provision states, the two-year term "runs from the date letters of authority are issued to the *first* personal representative of an estate." *Id.* (emphasis added). Except in the event of death or incapacity of the initial personal representative, "the issuance of subsequent letters of authority does not enlarge the time within which the action may be commenced." *Id.* This provision makes evident that the Michigan legislature can ably draft a statute that prevents successor personal representatives from receiving a renewed two-year term to file suit, if it wishes to. However, as discussed *infra*, § 600.5852(2) does not apply to this claim.

2. *The Magistrate Judge Correctly Declined to Apply § 600.5852(2)*

"[S]tate law determines which statute of limitations applies" to § 1983 actions. *Harrison v. Michigan*, 722 F.3d 768, 772–73 (6th Cir. 2013). State law also determines whether and under what circumstances a § 1983 claim survives an individual's death. *See Crabbs v. Scott*, 880 F.3d 292, 294 (6th Cir. 2018); *see also Estate of Majors v. Gerlach*, 821 F.App'x 533, 537 (6th Cir. 2020) (applying § 600.5852 to a § 1983 action). The question for the Court is which paragraph of § 600.5852 to apply. The first paragraph of § 600.5852 affords successor personal representatives a two-year statutory period to file certain survivorship actions otherwise barred by the statute of limitations; the second paragraph, which applies to medical malpractice actions, does not.

Plaintiff filed an Amended Complaint with three counts (ECF No. 7). Count I alleges, under 42 U.S.C. § 1983, deliberate indifference to a known serious medical need, unreasonable/excessive force, and supervisory liability related to Decedent's death (*id.* at PageID.91-96). Also pursuant to § 1983, Count II alleges failure to train (*id.* at PageID.96-104).

In Count III, Plaintiff seeks relief pursuant to Michigan's Wrongful Death statute, MICH. COMP. LAWS § 600.2922 *(id.* at PageID.105-106).

Medical malpractice and Eighth Amendment deliberate indifference are distinct claims. *See Comstock v. McCrary*, 273 F.3d 69, 7033 (2001) (the subjective intent component of an Eighth Amendment claim "is meant to prevent the constitutionalizing of medical malpractice claims"); *see also Dominguez v. Correctional Medical Services*, 555 F.3d 543, 550 (6th Cir. 2009); *Gibson v. Moskowitz*, 523 F.3d 657, 667 (6th Cir. 2008). Attempting to circumvent this limitation, Wellpath Defendants contend that § 600.5852(2) nonetheless applies to Plaintiff's lawsuit because medical malpractice is the state law cause of action that is "most analogous" to Eighth Amendment deliberate indifference in this context (ECF no. 53 at PageID.632). Wellpath Defendants cite to the Supreme Court's decision in *Burnett v. Gratten*, 468 U.S. 42 (1984) for the proposition that courts should look to the analogous state cause of action for the applicable statute of limitations in § 1983 actions *(id.* at 631-632). But any similarities between Plaintiff's claims and medical malpractice practice claims are not relevant. Five years after *Burnett*, the Supreme Court further articulated that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owen v. Okure*, 488 U.S. 235, 249–50 (1989); *see also Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007). Accordingly, § 600.5852(1) applies, because that is the general provision governing personal injury actions that survive death.

3. *The Magistrate Judge Correctly Declined to Apply the Doctrine of Judicial Estoppel*

As the Magistrate Judge correctly indicated, "the doctrine of judicial estoppel is designed to protect the integrity of the judicial process 'by prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" (R&R, ECF No. 51, quoting *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 623 (6th Cir. 2005) (quoting *New Hampshire*

6

*v. Maine*, 532 U.S. 742, 749–50 (2001)).  As the Supreme Court explained, "[b]ecause the rule is intended to prevent improper use of judicial machinery, judicial estoppel is an equitable doctrine invoked by a court in its discretion." *New Hampshire*, 532 U.S. at 750 (internal quotations and citations omitted).  The Sixth Circuit has warned that judicial estoppel must be "applied with caution to avoid impinging on the truth-seeking function of the court," as the doctrine "precludes" a party's position without considering whether the position has merit.  *Teledyne Industries, Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990).

Ottawa County Defendants contend that the Magistrate Judge erred by concluding that judicial estoppel only applies in cases where a party to litigation takes one position and then subsequently takes the contrary position (ECF No. 52 at PageID.594).  The Court disagrees.  Judicial estoppel "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another."  *New Hampshire*, 532 U.S. at 749 (citing 18 Moore's Federal Practice § 134.30, p. 134–62 (3d ed. 2000) ("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding") and 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4477, p. 782 (1981) ("absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory")).  Though the doctrine is not "reducible to any general formulation of principle, the Supreme Court has instructed that a clearly inconsistent position "must" be present.  *New Hampshire*, 532 U.S. at 749.

Ottawa County Defendants represent that courts apply judicial estoppel in bankruptcy cases, even where there has been no contradiction between prior and subsequent positions, to

preclude litigants from taking advantage of prior "omissions" in subsequent positions (ECF No. 52 at PageID.596).  This "omission type" judicial estoppel, they contend, applies here.

The Court has reviewed the authority cited by Defendants in support of their "omission type" judicial estoppel argument and concludes that this authority does not support an exception to the general rule that judicial estoppel is a response to litigants taking contradictory positions in litigation.  In judicial estoppel cases in the bankruptcy context, the prior omission itself contradicts the subsequent position.  A debtor's failure to disclose, as an asset, existence of claims against others contradicts that debtor's subsequent pursuit of the undisclosed claim, because the omission implicitly represented that the debtor had no claim to pursue.  *See, e.g., Barger v. City of Cartersville*, 348 F.3d 1289, 1296 (11th Cir. 2003) *overruled on other grounds by Slater v. U.S. Steel Corp.*, 871 F.3d 1174 (11th Cir. 2017); *White v. Wyndham Vacation Ownership, Inc*., 617 F.3d 472, 477 (6th Cir. 2010); *Williamson v. USF Holland, LLC*, 600 B.R. 606, 607 (E.D. Mich. 2019)); *see also* 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4477.9, p. 600 (2019) (explaining how judicial estoppel applies in bankruptcy cases).

Here, as the Magistrate Judge accurately recounted, Ottawa County Defendants "present deposition testimony … which they contend supports a claim that the deadline for filing this lawsuit expired while [the prior personal representative] was the personal representative of the estate and that a conspiracy ensued to extend the statute of limitations" by having Plaintiff appointed a successor personal representative (R&R, ECF No. 51 at PageID.577).  In doing so, Ottawa County defendants contend, Plaintiff "play[ed] fast and loose with [the Probate Court's] appointment process and the Probate Court's good faith by not advising it of the reason for the substitution" (ECF No. 52 at PageID.595).  Even if the Court were to accept Ottawa County Defendants' interpretation of the deposition testimony, the omission that Defendants purport to

8

have identified (that Plaintiff took over as personal representative to take advantage of the two-year statutory period despite the statute of limitations having expired) does not contradict Plaintiff's position today (that the two-year statutory period applies to him).  Thus, the Court agrees with the Magistrate Judge that the doctrine of judicial estoppel does not apply.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF Nos. 52 & 53) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 51) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motions for Summary Judgment (ECF Nos. 40 & 42) are DENIED.


Dated:  September 19, 2024                           /s/ Jane M. Beckering
                                                    JANE M. BECKERING
                                                    United States District Judge